1823.

M'Math
vs.
The State

be it right or wrong. *Price vs. Hollis*, 1 *Maule & Selw*. 107. The parties here, referred to the arbitrator all matters in variance between them, including questions of right and fact, without the slightest intimation from any quarter, that the accountability of the appellants, for the receipts of the sheriff in the year 1816, was to be considered and decided on by him. In a case of general submission like this, the authorities are clear that an award founded on a mistake in law of the arbitrator is for this reason impeachable. *Kent vs. Elstob*, 3 *East*, 18. *Young vs. Walter*, 9 *Ves*. 364. We therefore disapprove of the judgment of *Baltimore* county court, and determine that it be reversed.

JUDGMENT REVERSED.

JUNE.

M'MATH *vs.* THE STATE, use of WHEELER.

The sureties in a guardian's bond are not released from their responsibility to the ward, where on their application to the orphans court for counter security a new bond is executed with other sureties although the orphans court by their order endeavour to release the former sureties.

APPEAL from *Harford* county court. Debt on a guardian's bond, entered into on the 17th of March 1802, by *B. Green*, junior, with the appellant, and others, as his sureties. The following case was stated for the court's opinion: *B. Green*, junior, was duly appointed by the orphans court of *Harford* county, guardian of *F. Wheeler*, at whose instance and for whose use this suit was brought; and as such executed, on the 17th of March 1802, the bond on which this action is brought, with the defendant, *(M'Math,)* and others, as his sureties. On the 27th of March 1804, on the application of the defendant and *B. Bussey*, as sureties in the said bond, the orphans court ordered that *Green* should give counter security. He offered other security, which was accepted by the court, and a new guardian's bond was entered into by him to the state, on the 27th of March 1804, with *B. Green* and *J. Hopkins*, his sureties; and *M'Math* and *Bussey* were ordered by the court to be released from being security for *B. Green*. At the time of passing the said order, and approval of the bond by the orphans court, the estate and property of the ward remained, and was in the hands and possession of *Green*, undiminished. On the 23d of January 1816, *Green*, as guardian to *F. Wheeler*, passed an account with the orphans court, in which the sum of £1018 9 2, was the amount of principal in the hands of the said *Green*; and on the same day the court

passed an order, directing *Green* to pay over to *F. Wheeler*, all the property that came to his hands or possession, as guardian aforesaid, agreeably to the said account so passed. No part of the money appearing to be due by this account was paid, or in any manner secured to be paid. On this statement the county court gave judgment for the plaintiff, and the defendant appealed.

The cause was argued before BUCHANAN, EARLE, MARTIN, and STEPHEN, J.

*R. Johnson*, for the Appellant, referred to the acts of 1798, *ch.* 101, *sub ch.* 12, *s.* 3, 5; *sub ch.* 15, *s.* 12; 1807, *ch.* 136, *s.* 2; & 1816, *ch.* 154.

*Murray* and *Scott*, for the Appellee.

JUDGMENT AFFIRMED.

---

1823.

Andrews
vs
Bosley

ANDREWS, *et al. vs.* W. & J. BOSLEY.

JUNE.

ERROR to *Baltimore* county court, issued on the 2d of February 1822, to remove the proceedings on a judgment by confession, by way of *supersedeas*, entered into by the plaintiffs in error, before two justices of the peace, on the 17th of November 1815, to stay execution agreeably to the act of 1814, *ch.* 84, on a judgment rendered on the 9th of May 1815, in favour of the defendants in error, against one of the plaintiffs in error.

*Where a confession of judgment, by way of supersedeas, was entered into on the 17th of November 1815, to stay execution, agreeably to the act of 1814, ch. 84, on a judgment rendered on the 9th of May 1815, and a writ of error issued on the 2d of February 1822, to remove the proceedings on the judgment by confession—Held, that the writ of error be quashed, more than three years having elapsed from the judgment by confession and the issuing the writ of error.*

*Murray*, for the defendants in error, moved to quash the writ of error, it having been sued out after three years had elapsed since the judgment. He cited the act of 1807, *ch.* 151, limiting appeals and writs of error to three years after the rendition of judgment.

*R. Johnson*, contra. The act of 1807, *ch.* 151, alludes to judgments in the general court and county courts. The writ of error in this case is on a confession of judgment under the act of 1814, *ch.* 84, taken before two justices of the peace, and by that act such confession stayed execution on the judgment until the 31st of January 1816.

WRIT OF ERROR QUASHED.